IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 4:15CR3028 |
| v. | ) | |
| JOSE JAIME HERNANDEZ BADILLO, | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

Mr. Hernandez Badillo has filed a motion pursuant to 28 U.S.C. § 2255 claiming that his counsel rendered ineffective assistance of counsel. The motion will be denied because it plainly appears from the motion and the files and records that the defendant is not entitled to relief.[1]

Essentially, Badillo's meandering and conclusory motion asserts two claims that I summarize and condense for clarity. First, he claims his counsel did not advise him about exercising his right to appeal. Second, he claims his attorney promised him that he would receive a safety-valve reduction at sentencing.

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

These claims are frivolous. The record establishes that the defendant made a knowing, intelligent and voluntary plea and entered into a knowing, intelligent and voluntary plea agreement with the government that required the defendant to waive his right to a direct appeal. The record also establishes that the defendant was explicitly advised by me prior to the acceptance of the plea that there was no assurance that he was eligible for or would receive the safety-valve adjustment. The record further establishes that no promises were made to the defendant except for those set forth in the plea agreement. There were no promises made in the plea agreement regarding the safety-valve.

The record I refer to consists of (1) the petition to enter a plea of guilty (filing no. 48) and the plea agreement (filing no. 49); (2) my Rule 11 inquiry on April 25, 2016 regarding the plea and plea agreement (filing no. 76); and (3) Magistrate Judge Zwart's inquiry[2] of April 28, 2016 (filing no. 77) where the defendant told Judge Zwart that he was thinking clearly when he appeared before me to enter the plea and accept the plea agreement and, further, where he explained to Judge Zwart that he had decided to enter a plea and accept the plea agreement soon after consulting with a separate and second lawyer (not counsel of record who defendant attacks now).

Accordingly, I find and conclude that the defendant cannot make out either prong of the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (announcing principles for evaluation of claims of ineffective assistance of counsel under the Sixth Amendment). In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel under *Strickland* such that relief is warranted, the claimant must establish two things. He or she must establish (1) that "'counsel's representation fell below an objective standard of reasonableness,'" and (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland*, 466 U.S. at 688-89).

---

[2]This inquiry was conducted to consider a pretrial release violation regarding use of cocaine.

Regarding the first prong, a judge's "scrutiny of counsel's performance must be highly deferential," and the judge must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Reed v. United States*, 106 F.3d 231, 236 (8th Cir. 1997). In other words, a judge should make "every effort" to "eliminate the distorting effects of hindsight" by examining the lawyer's performance from "counsel's perspective at the time" of the alleged error. *Strickland*, 466 U.S. at 689.

Regarding the second prong, a "reasonable probability" is less than "more likely than not." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995) (citing *Nix v. Whiteside*, 475 U.S. 157, 175 (1986) ("[A] defendant need *not* establish that the attorney's deficient performance more likely than not altered the outcome in order to establish prejudice under *Strickland* "(emphasis added))). But, the showing must be compelling enough to "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Finally, a defendant cannot appeal an adverse ruling on a § 2255 motion unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that the defendant is not entitled to a certificate of appealability.

IT IS ORDERED that the § 2255 motion (filing no. 74) is denied with prejudice. No certificate of appealability is or will be issued. A separate judgment will be entered.

DATED this 2nd day of May, 2017.

BY THE COURT:

*s/ Richard G. Kopf*
Senior United States District Judge